## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LORIANNE VESTUTI,
    *Plaintiff*,

No. 3:15-cv-01512 (KAD)

v.

KILOLO KIJAKAZI,[1]
    *Defendant.*

August 10, 2021

### ORDER GRANTING MOTION FOR ATTORNEY'S FEES (ECF NO. 35)

Kari A. Dooley, United States District Judge:

Petitioner Ivan M. Katz ("Petitioner"), attorney for Plaintiff Lorianne Vestuti ("Ms. Vestuti"), on behalf of Ronald D. Vestuti, Jr. (the "Plaintiff"), has filed a motion for attorney's fees in the amount of $25,024.50  pursuant to 42 U.S.C. § 406(b)(1).[2]  Following an order from this Court (Squatrito, *J.*) remanding the Plaintiff's case to then-Acting Commissioner of Social Security Nancy A. Berryhill, the Administrative Law Judge ("ALJ") issued a fully favorable decision on June 8, 2021, finding the Plaintiff disabled as of the December 11, 2008 alleged onset date.  The Plaintiff thereafter received a Notice of Award from the Social Security Administration (the "SSA") informing him that it had withheld $25,024.50 from his total award, constituting 25% of past due benefits owed to the Plaintiff, for the purpose of paying his attorney's fees.  Petitioner seeks recovery of the amount withheld.   Acting Commissioner Kilolo Kijakazi (the

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.  Pursuant to Fed. R. Civ. P. 25(d), Commissioner Kijakazi is automatically substituted as the named Defendant.  The Clerk of the Court is requested to amend the caption in this case accordingly.

[2] Petitioner represents that following the death of Ronald D. Vestuti, Sr., he sought to have Ms. Vestuti substituted as the party in interest during the course of the administrative proceedings.  And the record reflects that the Notice of Award from the Social Security Administration was addressed to Ms. Vestuti.  Commissioner Kijakazi has not objected to the substitution of Ms. Vestuti as the real party in interest for purposes of the instant motion for attorney's fees.

"Commissioner") has filed a response in which she recommends that the Court either deny the Petitioner's motion due to a provision in Petitioner's retainer agreement limiting attorney's fees to $6,000 or, in the alternative, reduce the $25,024.50 award by $8,130.62—the amount of attorney's fees Petitioner would have received under the Equal Access to Justice Act ("EAJA"). Petitioner has filed a reply in which he clarifies the basis for his entitlement to 25% of past-due benefits under the applicable retainer agreement provisions as well as his reasons for failing to seek attorney's fees under the EAJA following the initial remand. For the reasons that follow, the Petitioner's motion is GRANTED.

**Legal Standard**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Once "the claimant receives notice of the amount of any benefits award," a fee application brought pursuant to Section 406(b) must be submitted within the 14-day filing period set forth in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019).

"In order to obtain attorneys' fees under Section 406(b), three elements must be satisfied: (1) there must be a judgment that is favorable to the claimant; (2) the fee must be awarded as part of the court's judgment; and (3) the fee must not exceed twenty-five percent of the total amount of past-due benefits [a]warded to the claimant." *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d

666, 676 (S.D.N.Y. 2010).  "A court may reduce the amount awarded under Section 406(b) only if it finds it to be unreasonable."  *Id*. (citing *Wells v. Sullivan* ("*Wells II*"), 907 F.2d 367, 371 (2d Cir. 1990)).  "Courts consider several factors in determining the reasonableness of a fee under § 406(b), including '1) whether the requested fee is out of line with the character of the representation and the results the representation achieved; 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called 'windfall' factor.'"  *Zoeller v. Saul*, No. 3:18-CV-00019 (WIG), 2020 WL 4505510, at *2 (D. Conn. Aug. 5, 2020) (quoting *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)) (internal quotation marks omitted).  "[T]he best indicator of 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculation."  *Shrack v. Saul*, No. 3:16-CV-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (quoting *Wells II*, 907 F.2d at 371).

**Discussion**

The parties do not dispute that Petitioner's fee application was timely filed and the Court finds the relevant statutory factors satisfied here.  First, Plaintiff received a fully favorable decision following remand.  *See Davis v. Saul*, No. 16-CV-954 (MJP), 2020 WL 1503223, at *1 (W.D.N.Y. Mar. 30, 2020) ("Courts have interpreted [Section 406(b)(1)(A)'s] reference to a 'judgment' rendered by 'a court' to include awards made by the Commissioner upon remand from a district court."); *see also Sinkler*, 932 F.3d at 86 ("Where, as here, a district court judgment reverses a denial of benefits to a claimant and remands for further agency consideration of benefits, . . . the district court may await conclusion of the remand proceedings to consider a § 406(b) attorney's

fee application.").  The fee also does not exceed 25% of the total past-due benefits to which the Plaintiff is entitled.

As for the reasonableness of the requested award, Petitioner has attached a retainer agreement signed by Ms. Vestuti and dated June 20, 2020, which states in relevant part:

> If I win at any administrative level though the first administrative law judge (ALJ) decision after the date of this agreement, I agree that the attorney fee will be the lesser of twenty-five (25%) of all past-due benefits awarded to my family and me, or the dollar amount established pursuant to 42 U.S.C. § 406(a)(2)(A), which is currently $6,000.00, but may be increased from time to time by the Commissioner of Social Security.  . . . I further understand that fees for legal services rendered before the U.S. Courts are governed by separate provisions and may require a separate agreement, under which fees may exceed 25% of back benefit.

(Petr's Ex. 3, ECF No. 35-3.)  Citing these provisions, the Commissioner observes that Petitioner appears to be limited to an award of $6,000 under the retainer agreement.  In response Petitioner has submitted an affidavit in which he explains that following the April 2016 death of the Plaintiff in this matter, Petitioner was asked by his then-law partner to serve as substitute counsel for Ronald Vestuti, Sr. ("Mr. Vestuti Sr."), in December 2016.  (Katz Aff. ¶¶ 2–3, ECF No. 38-1.)  The parties then executed a retainer agreement, which Petitioner has been unable to locate despite a diligent search.  (*Id.* ¶¶ 4–5.)  Petitioner has attached an unsigned version of the retainer agreement that he represents is "in the exact form" of the agreement that he and Mr. Vestuti Sr. signed; he avers that he would not have entered his appearance in this matter on January 5, 2017 without such a signed agreement.  (*Id.* ¶¶ 6–8.)  The agreement Petitioner represents was signed by Mr. Vestuti Sr. provides in relevant part, that "[i]f I win at any administrative or judicial level after the date of this agreement, I agree that the attorney fee will be twenty-five percent (25%) of all past-due benefits awarded to my family and me."  (Katz. Aff. Ex. A, ECF No. 38-2.)  It further provides that "I understand that SSA will hold out 25% of past-due benefits and pay my attorney for his work on my case unless my attorney waives withholding and direct payment."  (*Id.*)

Following Mr. Vestuti Sr.'s death on May 11, 2018 and the remand of this matter to the ALJ by the Appeals Council, Petitioner sought to have Ms. Vestuti substituted as the party in interest.  (Katz Aff. ¶¶ 9–11.)  Petitioner represents that the retainer agreement that was then provided to and signed by Ms. Vestuti in June 2020 "was intended to supplement the existing fee agreement with Ronald Vestuti, and was not intended to be in substitution thereof."  (*Id.* ¶ 12.) Petitioner further represents that "[a]t all times Ms. Vestuti was aware that the fee arrangement (25% of retroactive benefit) existing with Ronald Vestuti, Sr. was to remain in full force and effect" and that she was also "made aware . . . that the total fee was 25% of retroactive benefit (that is, the June 2020 Retainer Agreement would not give rise to a distinct 25% attorney's fee in addition to the 25% fee set forth in the Retainer Agreement with Ronald Vestuti, Sr. . . ."  (*Id.*)  In support of his position Petitioner cites to the excerpt from the retainer agreement with Ms. Vestuti noted by the Commissioner which provides that "I further understand that fees for legal services rendered before the U.S. Courts are governed by separate provisions and may require a separate agreement, under which fees may exceed 25% of back benefit."  (Petr's Ex. 3.)  According to Petitioner, "[t]he fee agreement entered into with Ronald Vestuti, Sr. was that 'separate agreement.'"  (Reply Br. at 4.)  Petitioner also notes that "having expended in excess of forty hours in representing [the Plaintiff] before this Court, it is unreasonable to believe that the undersigned and Ms. Vestuti would have intended that the undersigned's fee be limited to $6,000.00 and, indeed, that was not the understanding of the parties."  (*Id.* at 3–4.)

The Commissioner has not sought leave to file a sur-reply to contest or otherwise respond to Petitioner's assertions on this issue, and the Court has no reason to question Petitioner's representations.  In addition, Petitioner represents that a copy of his motion for attorney's fees was provided to Ms. Vestuti (*see* Petr's Mem. at 5), and Ms. Vestuti has not filed any objection to the

requested fee amount.  The Court therefore finds that the requested amount is consistent with the contingency fee agreement between the Plaintiff and counsel.

In her response the Commissioner also observes that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Pub. L. 99–80, § 3, 99 Stat. 186).  Because Petitioner did not seek EAJA fees, and because the Plaintiff would be entitled to the lesser of the two fee awards had Petitioner sought such fees, the Commissioner asks that this Court reduce the Section 406(b) award by the amount Petitioner would have been awarded under the EAJA.  *See, e.g.*, *Blair v. Colvin*, No. 5:11-CV-404 (GLS/GHL), 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014) ("In determining whether the requested fees pursuant to § 406(b) are reasonable, the court is entitled to take into account counsel's failure to timely file a colorable EAJA application").  The Commissioner relies upon an hourly rate of $199.28 per hour to calculate a reduction of $8,130.62 for Petitioner's 40.8 hours of attorney time devoted to Plaintiff's case.

In his reply, Petitioner explains that he was unable to file an application for attorney's fees under the EAJA because Mr. Vestuti Sr. failed to return a signed affidavit and assignment that Petitioner had requested from him following the remand in this matter.  As relevant here, a "party" entitled to a fee award under the EAJA means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).  Petitioner represents that "[b]eing without knowledge of whether or not the net worth of Mr. Vestuti, Jr. (or Mr. Vestuti, Sr.) exceeded $2,000,000, I was unable to make any representation as to one of the elements necessary to make an application for an EAJA fee." (Katz Aff. ¶ 16.)  He therefore avers that

6

"[t]he failure to file an application for attorney's fees under the EAJA was . . . not the result of my neglect, but rather was necessitated by the failure of Mr. Vestuti, Sr. to return the signed affidavit to me."  (*Id.* ¶ 17.)  Again, the Commissioner does not contest these representations and the Court finds that under the circumstances, the failure to file an application for EAJA fees cannot be attributed to any neglect by Petitioner.[3]

Because the Court has determined that the requested award is consistent with the applicable retainer agreement and "with the 'character of the representation and the results the representation achieved,'" the Court concludes that the award is reasonable.  *See, e.g.*, *Shrack*, 2020 WL 373074, at *2 (finding that this factor was met where "[t]he plaintiff sought and obtained a Sentence Four remand, and the plaintiff received a fully favorable result upon remand."); *Sama v. Colvin*, No. 3:10-CV-01268 (VLB) (TPS), 2014 WL 2921661, at *3 (D. Conn. June 25, 2014) (holding that this factor was met where "[t]he results secured by Attorney Rubenstein, a remand and a subsequent award of benefits . . . were the best possible outcome for the plaintiff").  Nor does the record reveal that the Petitioner engaged in any undue delay to increase the accumulation of benefits; to the contrary, after seeking two short extensions of time the Petitioner filed his motion to reverse approximately a month and a half after filing his initial appearance in this matter.

The requested award also does not constitute a windfall to the Petitioner.  Petitioner represents that he expended 40.8 hours in representing the Plaintiff before this Court, which equals a rate of $613.35 per hour.  Courts in this District regularly approve awards that reflect comparable or even higher hourly rates.  *See, e.g.*, *Shrack*, 2020 WL 373074, at *2 (approving fees equal to

---

[3] An application for attorney's fees under the EAJA must be filed "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), and the thirty-day period begins to run upon expiration of the 60-day time to file an appeal. *See* Fed. R. App. P. 4(a)(1)(B)(ii); *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991).  Final judgment was entered in this matter on January 31, 2018 and Petitioner attempted to contact Mr. Vestuti on March 26, 2018 and April 23, 2018, which was within the timeframe during which Petitioner's EAJA application would have been timely.

$655.93 hourly rate); *Begej v. Berryhill*, No. 3:14-CV-1284 (WIG), 2019 WL 2183105, at *2 (D. Conn. May 21, 2019) ("Binder estimates that the requested fee award would result in a *de facto* hourly rate of approximately $1,289.06. While on the higher side, courts within this Circuit have held that similar *de facto* hourly rates are not a windfall to Plaintiff's counsel"); *Sama*, 2014 WL 2921661, at *4 (approving fee award totaling effective hourly rate of $785.30).

**Conclusion**

For the reasons set forth above, Petitioner's motion for attorney's fees is granted and the Petitioner is awarded $25,024.50 in attorney's fees pursuant to 42 U.S.C. § 406(b).

**SO ORDERED** at Bridgeport, Connecticut, this 10th day of August 2021.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE